UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARQUISE CHISOLM

☐ ORIGINAL

   Plaintiff,

         COMPLAINT

- against -

       Jury trial demanded

THE CITY OF NEW YORK, POLICE OFFICER MICHAEL NOBOA (SHIELD #17135), POLICE OFFICERS JOHN DOE #1-2

RECEIVED SEP 07 2017 PRO SE OFFICE

   defendants,

## PRELIMINARY STATEMENT

1. This is a civil rights action alleging that the City of New York and several New York City officers violated Plaintiff's rights under 42 U.S.C. §§ 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges that on November 23, 2013, defendants falsely arrested him, falsely imprisoned him, and made false accusations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and

such other further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## PARTIES

4. Plaintiff is a citizen of the United States, at all times relevant to this action he was a resident of Kings County, New York. Plaintiff currently resides in Chemung County, New York.

5. The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6. Police officers Michael Noboa ("Noboa"), John Doe #1 and John Doe #2 are members of the New York City Police Department who were acting under color of law and in their capacities as City law enforcement officers at all relevant times. Noboa, Doe #1 and Doe #2 are liable for directly participating in the unlawful acts described herein and for failing to protect Plaintiff from unconstitutional conduct. Noboa, Doe #1 and Doe #2 are sued in their individual and official capacity.

## STATEMENT OF FACTS

7. On November 23, 2013, at approximately 2:00 a.m., Plaintiff was standing at the 24 hour bodega talking with a friend.

8. Defendents were driving in an unmarked police car and pulled over in front of Plaintiff and his friend.

9. Defendents exited the vehicle and officer Noboa commenced to searching Plaintiff.

10. Defendant officer Noboa recovered a knife and Plaintiff was handcuffed and arrested.

11. Plaintiff was transported to the 81st Precinct and charged with weapons possession.

12. Plaintiff was detained for several hours before receiving a Desk Appearance Ticket (D.A.T)

13. Plaintiff moved for suppression of physical evidence

14. Upon discovery Plaintiff learned that Defendent Officer Noboa committed libel against Plaintiff.

15. A Dunaway/Mapp hearing was conducted on June 23, 2014, pursuant to CPL 255.20 [4].

16. On September 8, 2014, Plaintiff motion to suppress was granted.

17. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation and damage to his reputation

## FIRST CLAIM
### (§§ 1983 FALSE ARREST)

18. Plaintiff repeats the foregoing allegations.

19. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

20. Plaintiff was aware of his confinement and did not consent to it.

21. The confinement was not otherwise privileged.

22. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damaged alleged.

## SECOND CLAIM
### (§§ 1983 FABRICATION OF EVIDENCE)

23. Plaintiff repeats the foregoing allegations.

24. The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

25. In creating such false evidence the Defendents violated Plaintiff constitutional right to a fair trial.

26. The aforesaid conduct of the City of New York violated Plaintiff's rights under 42 U.S.C. § 1983 and the Sixth and Fourteenth Amendments to the United States Constitution.

27. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

### THIRD CLAIM
### (§ 1983 DEFAMATION)

28. Plaintiff repeats the foregoing allegations

29. Defendents violated Plaintiff constitutional rights when they committed libel against him.

30. The aforesaid conduct by Defendents violated Plaintiffs rights under 42 U.S.C. § 1983 and the Fourteenth Amendments to the United States Constitution.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## FOURTH CLAIM
### (§1983 "MONELL" CLAIM)

32. Plaintiff repeats the foregoing allegations.

33. The City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff

34. The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

35. The City, through its police department, has a de facto quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

36. The City, at all relevant times, was aware that these individual Defendants routinely commit

constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

37. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

38. The policies, practices and customs were the moving force behind Plaintiff's injuries

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants.

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as the Court may deem just and proper.

Dated: September 7, 2017 MC

Brooklyn, New York

*Marquise Chisolm*
Marquise Chisolm Pro Se
537 Bradford St. #1R
Brooklyn, N.Y. 11207


P.O. Officer Michael Noboa
(SHIELD # 17135)
He located at The 81st Precinct
30 Ralph Ave
Brooklyn, N.Y. 11221