UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

MARQUISE CHISOLM,

                          Plaintiff,

            v.

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL NOBOA Shield No. 17135, and
POLICE OFFICERS JOHN DOES 1 & 2,

                          Defendants.

**MEMORANDUM & ORDER**
17-CV-5327 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Marquise Chisolm, proceeding *pro se*, filed the above-captioned action on September 7, 2017, against Defendants the City of New York, New York City Police Officers Michael Noboa and John Does 1 and 2, alleging false arrest and fabrication of evidence under 42 U.S.C. § 1983, and a state law claim for defamation. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purposes of this Memorandum and Order. For the reasons discussed below, the Court directs Plaintiff to show cause within thirty (30) days of this Memorandum and Order why the Court should not dismiss the Complaint as time-barred.

**I. Background**

       The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order.

       Plaintiff alleges that at 2 AM on November 23, 2013, he was standing in front of a twenty-four hour bodega when officers in an unmarked police car stopped and searched him. (Compl. 3.) Officer Noboa recovered a knife from Plaintiff. (*Id*.) The officers arrested Plaintiff,

transported him to the 81st Police Precinct and charged him with possession of a weapon. (*Id.* at 3–4.)  The officers detained Plaintiff for several hours before they issued him a desk appearance ticket.[1]  (*Id.* at 4.)  Plaintiff contends that "[u]pon discovery[2] [he] learned that Defendant Noboa committed libel against [him]."  (*Id.*)  After a Dunaway/Mapp hearing,[3] held on June 23, 2014, the court granted Plaintiff's motion to suppress the weapon on September 8, 2014.  (*Id.*)  Plaintiff alleges that Defendants "created false evidence against [him] and forwarded such false evidence to the District Attorney's Office."  (*Id.* at 5.)  Plaintiff further alleges that the City of New York has a "de facto" quota system which encourages unlawful stops and seizures.  (*Id.* at 7.)  Plaintiff seeks monetary damages.  (*Id*. at 8.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] Under New York law, a police officer can issue a Desk Appearance Ticket "to an arrestee rather than holding him or her in custody until a judge is available to conduct an arraignment.  Under this procedure, the arrestee is released and must return to the criminal court at a future date for arraignment."  *Bryant v. City of New York*, 404 F.3d 128, 132 (2d Cir. 2005) (citing N.Y.C.P.L. §§ 150.10(1), 150.20).

[2] It is unclear whether Plaintiff is referring to a discovery process related to his criminal case or an informal investigation he undertook.

[3] A *Dunaway/Mapp* pre-trial hearing is held to determine whether probable cause existed for an arrest, *see Dunaway v. New York*, 442 U.S. 200 (1979), and whether evidence was obtained through an unconstitutional search and seizure, *see Mapp v. Ohio*, 367 U.S. 643 (1961).  *Dunaway* "requires the exclusion of statements obtained as a result of an unlawful arrest made without probable cause."  *McClary v. Conway*, 492 F. App'x 157, 159 (2d Cir. 2012) (summary order); *see also Ray v. Bradt*, No. 11-CV-400, 2013 WL 1335819, at *1 n.2 (E.D.N.Y. Feb. 1, 2013); *Young v. New York*, No. 11-CV-00110, 2012 WL 6644993, at *7 n.10 (E.D.N.Y. Dec. 20, 2012); *Kirk v. Burge*, 646 F. Supp. 2d 534, 540 n.2 (S.D.N.Y. 2009).

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

   **b.  Section 1983 claims**

Plaintiff asserts claims against Defendants under section 1983 for false arrest and fabrication of evidence.[4] (Compl. 5–8.) As discussed below, these claims appear time-barred.

To sustain a claim brought under section 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation

---

[4] Plaintiff also asserts a *Monell* claim alleging "[t]he City, through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff." (Compl. 7.) A municipality, like the City of New York, can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). However, the Court does not reach the issue of municipal liability because, as discussed below, Plaintiff's claims appear to be time-barred. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (holding that "*Monell* does not provide a separate cause of action" but rather "*extends* liability to a municipal organization." (first citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978) and then citing *City of Canton v. Harris*, 489 U.S. 378 (1989))).

3

was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Moreover, the plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

The statute of limitations for section 1983 claims brought in a federal court in New York is three years from the date the underlying violation occurred. *See Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015); *Melendez v. Greiner*, 477 F. App'x 801, 803 (2d Cir. 2012) (quoting *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009)); *Harrison v. Lutheran Med. Ctr.*, 468 F. App'x 33, 36 (2d Cir. 2012).

"While the applicable statute of limitations in a § 1983 case is determined by state law, 'the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.'" *Smith*, 782 F.3d at 100 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Accrual occurs when the plaintiff has "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citations omitted) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997)); *see also Shomo*, 579 F.3d at 181 ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." (internal citation and quotation marks omitted)).

### i. False arrest/false imprisonment claim

Plaintiff asserts claims for false arrest and false imprisonment[5] under section 1983. (Compl. 1, 5.) A section 1983 false arrest claim "rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). In assessing section 1983 claims for false arrest, courts look to the law of the state in which the arrest occurred. *Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015) ("A section 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law."); *see also Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007). "Under New York law, 'to prevail on a claim of false arrest a plaintiff must show that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Nzegwu v. Friedman*, 605 F. App'x 27, 29 (2d Cir. 2015) (quoting *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003)).

The three-year statute of limitations begins to run for false arrest claims "when the alleged false imprisonment ends." *Wallace*, 549 U.S. at 389. A false arrest "ends once the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges." *Id*. at 389; *see also Lynch v. Suffolk Cty. Police Dep't, Inc.*, 348 F. App'x 672, 675 (2d Cir. 2009) (quoting *Wallace*, 549 U.S. at 389).

Plaintiff alleges that he was arrested in the early morning of November 23, 2013 and detained for several hours before being issued a desk appearance ticket. (Compl. 3–4.)

---

[5] Because false arrest and false imprisonment are synonymous under New York law, the Court will discuss them as a single cause of action. *See Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991); *see also Hickey v. City of New York,* No. 01-CV-6506, 2004 WL 2724079, at *6 (S.D.N.Y. Nov. 29, 2004) ("[T]he claims of false arrest and false imprisonment are 'synonymous.'"), *aff'd*, 173 F. App'x 893 (2d Cir. 2006).

Plaintiff's section 1983 false arrest claim therefore began accruing at the time he was issued the desk appearance ticket. *See Wallace*, 549 U.S. at 389; *DeMartino v. New York*, No. 12-CV-3319, 2013 WL 3226789, at *13 (E.D.N.Y. June 24, 2013) (false arrest claim accrued when plaintiff was issued appearance ticket). Because more than three years have passed since Plaintiff was issued the desk appearance ticket in November 2013 and Plaintiff filed the Complaint, the false arrest claim appears to be time-barred. *See Smith*, 782 F.3d at 100.

### ii. Right to fair trial claim

To establish a fair trial claim based on fabrication of evidence, a plaintiff must show that an "(1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016). Unlike a false arrest or malicious prosecution claim, "probable cause is not a defense to a claim for a denial of the right to a fair trial" based on the fabrication of evidence. *Garnett*, 838 F.3d at 277 (alteration omitted) (citing *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012)).

An investigating official may be any governmental actor that investigates alleged criminal activity, which in most cases is a police officer. *See Garnett*, 838 F.3d at 274 ("[A] Section 1983 plaintiff may sue for denial of the right to a fair trial based on a police officer's fabrication of information."); *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such [ ] action is redressable in an action for damages under [section] 1983." (citation omitted)).

6

Fabrication of evidence claims accrue when the plaintiff learns that evidence was allegedly fabricated and an injury was caused by the fabrication. *Ying Li v. City of New York*, No. 15-CV-1599, 2017 WL 1208422, at *30 (E.D.N.Y. Mar. 31, 2017); *Bailey v. City of New York*, 79 F. Supp. 3d 424, 444 (E.D.N.Y. 2015); *Carr v. City of New York*, No. 11-CV-6982, 2013 WL 1732343, at *6 (S.D.N.Y. Apr. 19, 2013) ("[P]laintiff arguably learned of the alleged fabrication as soon as the criminal complaint was filed and certainly no later than when [the defendant] took the stand at [ ] trial. . . ."); *see also Garnett v. Undercover Officer C0039*, No. 13-CV-7083, 2015 WL 1539044, at *4 (S.D.N.Y. Apr. 6, 2015) *aff'd,* 838 F.3d 265 (2d Cir. 2016).

Plaintiff does not state what evidence he believes the officers fabricated, or when he learned of any allegedly fabricated evidence. (*See* Compl.) The latest date by which Plaintiff likely learned of any alleged fabrication was at the Dunaway/Mapp hearing, which took place on June 23, 2014, more than three years before Plaintiff filed the Complaint. (Compl. 4.) Accordingly, this claim also appears to be time-barred. *See Smith*, 782 F.3d at 100.

### c. Defamation claim

Plaintiff alleges that "Defendants violated Plaintiff constitutional rights when they committed libel against him."[6] (Compl. 6.)

To the extent that Plaintiff attempts to assert a claim under New York state libel laws, "the elements of a defamation claim are 'a false statement, published without privilege or

---

[6] Although Plaintiff claims this act violated section 1983 and the Fourteenth Amendment, (Compl. 6), defamation is a state law claim. *See e.g. Hanly v. Powell Goldstein, L.L.P.*, 290 F. App'x 435, 439 (2d Cir. 2008) (noting that both parties agreed that New York law governed the plaintiff's defamation claim); *see also Cinevert v. Varsity Bus Co.*, No. 12-CV-1223, 2014 WL 4699674, at *3 (E.D.N.Y. Sept. 22, 2014) (finding the plaintiff's defamation claim was based exclusively in state law).

7

authorization to a third party, constituting fault . . . and it must either cause special harm or constitute a defamation per se.'" *Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 169 (2d Cir. 2003) (quoting *Dillon v. City of New York*, 704 N.Y.S.2d 1, 5 (App. Div. 1999)); *see Kerik v. Tacopina*, 64 F. Supp. 3d 542, 568 (S.D.N.Y. 2014) ("[T]he elements of a defamation claim are: (1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence." (citing *Dillon*, 704 N.Y.S.2d at 5)).

Under New York law, the statute of limitations for defamation claims is one year. N.Y.C.P.L.R. § 215(3) (providing that "an action to recover damages for . . . libel, slander, [or] false words causing special damages" "shall be commenced within one year"); *see McKenzie v. Dow Jones & Co., Inc.*, 355 F. App'x 533, 535 (2d Cir. 2009). A libel claim accrues on the date that the allegedly defamatory statement was first published. *Hanly v. Powell Goldstein, LLP*, 290 F. App'x 435, 439 (2d Cir. 2008); *Ratajack v. Brewster Fire Dept., Inc. of the Brewster S.E. Jt. Fire Dist.*, 178 F. Supp. 3d 118, 163 (S.D.N.Y. 2016) (citations omitted).

Plaintiff contends that "[u]pon discovery [he] learned that Defendant Noboa committed libel against Plaintiff," (Compl. 4), but he does not provide the date the statement was first made to a third party or when precisely he discovered the statement had been made. Therefore, the Court cannot determine whether the claim is timely.[7]

---

[7] Assuming Plaintiff amends the Complaint to assert viable federal claims, the Court may exert supplemental jurisdiction over Plaintiff's state law defamation claim. *See* 28 U.S.C. § 1367(a); *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (noting that federal courts may exercise supplemental jurisdiction when federal claims and state claims "stem from the same 'common nucleus of operative fact.'" (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966))). Absent federal claims, Plaintiff must demonstrate that Plaintiff and Defendants are of diverse citizenship and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also*

However, even assuming that the defamation claim was timely filed, Plaintiff nevertheless fails to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 570. Plaintiff does not state what the alleged defamatory statement was, to whom it was made, or the date that it was published. As a result, Plaintiff has not provided the Court with "enough facts to state a claim to relief that is plausible on its face." *Id.*

### d. Equitable tolling

Defamation claims, *see Wellesley v. Debevoise & Plimpton LLP*, No. 06-CV-3518, 2007 WL 9710545, at *4 (E.D.N.Y. Jan. 11, 2007), and section 1983 claims, *see Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005), are subject to equitable tolling under certain circumstances. "[A] litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (finding that mental illness can serve as a ground for equitable tolling of the one-year period for filing a federal habeas petition). "[W]hether equitable tolling is warranted in a given situation is a highly case-specific inquiry." *Id.* at 232 (internal quotation marks and citation omitted).

The doctrine of equitable tolling permits a court, under compelling circumstances, to make narrow exceptions to the statute of limitations in order to prevent inequity. *See Smith v.*

---

*Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction.").

*McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (holding that "[e]quitable tolling applies only in the 'rare and exceptional circumstance'" (alteration, citation and internal quotation marks omitted)). In order to receive the benefit of equitable tolling, a plaintiff must show that "extraordinary circumstances" prevented him from timely filing the complaint and that he acted with "reasonable diligence through the period [he] seeks to have tolled." *Id.*; *see also Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996).

Because the Complaint alleges no facts in support of equitable tolling, (*see* Compl.), Plaintiff has not met his burden of demonstrating that his claims are entitled to tolling.

### III. Conclusion

For the foregoing reasons, Plaintiff is ordered to show cause by written affirmation, within thirty (30) days of the date of this Memorandum and Order, why the statute of limitations should not bar his section 1983 claims for false arrest and fabrication of evidence, and his state law defamation claim. Plaintiff should include any facts that would support equitable tolling of the statute of limitations period in his submission. All further proceedings are stayed for thirty (30) days. If Plaintiff fails to timely comply, the Court will enter judgment dismissing the claims as time-barred.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: July 5, 2018
      Brooklyn, New York